UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER LIOUNIS,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant

Civil Action No. 17-1621(CKK)

**Memorandum Opinion**
(November 7, 2018)

    This lawsuit arises from a Freedom of Information Act ("FOIA") request that pro se Plaintiff Peter Liounis made to Defendant United States Department of Justice. Plaintiff requested documents related to the grand jury that issued an indictment against him, initiating criminal proceedings which eventually resulted in his conviction and current incarceration. The Executive Office for United States Attorneys ("EOUSA"), the department in possession of the requested records, has denied Plaintiff's FOIA request in full. The EOUSA claims that the requested documents are exempt under FOIA Exemption 3 in conjunction with Federal Rule of Criminal Procedure 6(e), on the grounds that grand jury material is exempt from mandatory release, and FOIA Exemption 5, on the grounds that the documents are attorney work product. Plaintiff filed this suit arguing that the EOUSA wrongfully denied his FOIA request.

    Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as it currently stands, the Court DENIES Plaintiff's motion for summary judgment and GRANTS

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Renewed Mot. for Summary Judgment, ECF No. 56 ("Def.'s Renewed Mot.");
- Def.'s Mot. for Summary Judgment, ECF No. 13 ("Def.'s Mot.");

1

Defendant's motion for summary judgment. The Court concludes that Defendant conducted a reasonable search under FOIA and that all responsive documents have either already been released to Plaintiff or are exempt under FOIA Exemptions 3 and 5.

I.  BACKGROUND

In his FOIA request, Plaintiff seeks to acquire documents related to the grand jury in the Eastern District of New York which issued an indictment resulting in a criminal trial at which Plaintiff was found guilty and later sentenced to 292-months imprisonment. Plaintiff's FOIA request is the latest in a long line of attempts to gain access to these grand jury documents. Prior to this FOIA request, during his criminal proceeding, Plaintiff submitted numerous in limine, pro se motions to dismiss the indictment due to alleged improprieties in the grand jury proceeding. Declaration of Jonathan P. Lax, 56-5, ¶ 7. Following his conviction, Plaintiff continued his attempts to gain access to his grand jury materials, arguing in more pro se motions that his indictment had been invalid due to impropriety in the grand jury. *Id.* ¶ 8. In addition to initiating this FOIA request, Plaintiff has continued his attempts to gain access to his grand jury materials through his criminal proceeding by filing a petition seeking a writ of habeas corpus and moving for discovery with respect to the indictment and grant jury proceedings. *Id.* at ¶ 10. In both his criminal proceeding and in his FOIA request, Plaintiff seeks these documents based on his belief

---

- Pl.'s Cross Mot. for Summary Judgment in Opp'n to Def.'s Renewed Mot. for Summary Judgment, ECF No. 68 ("Pl.'s Mot");
- Def.'s Opp'n to Pl.'s Cross Mot. for Summary Judgment and Def.'s Reply in Support of Def.'s Renewed Mot. for Summary Judgment, ECF No. 72 ("Def.'s Reply");
- Pl.'s Response in Opp'n to Def.'s Response to Pl.'s Cross Mot. for Summary Judgment and Pl.'s Reply in Support of Pl.'s Cross Mot. for Summary Judgment, ECF No. 77 ("Pl.'s Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

that the records will show that government misconduct infected the grand jury proceeding, invalidating his indictment and his subsequent criminal conviction. First Am. Compl., ECF No. 30-1, 17.

The EOUSA first received Plaintiff's FOIA request seeking his grand jury materials on January 19, 0217. Declaration of Vinay J. Jolly, ECF No. 13-1, Ex. A, 7-8. By letter dated February 23, 2017, the EOUSA denied Plaintiff's request for impermissibly seeking grand jury materials. *Id.* at Ex. B, 15. On that same day, the EOUSA received a second, duplicate FOIA request from Plaintiff seeking the same grand jury materials. *Id.* at Ex. C, 17-18. And again, by letter dated March 7, 2017, the EOUSA denied Plaintiff's second, duplicate FOIA request for impermissibly seeking grand jury materials. *Id.* at Ex. D, 21-22. On March 21, 2017, Plaintiff filed an administrative appeal for both denials. *Id.* at Ex. E, 23-34; *Id.* at Ex. F, 35-46. On appeal, the denial of Plaintiff's FOIA requests was affirmed as Plaintiff's requests impermissibly sought records which "may reveal some secret aspect of the grand jury's investigation." *Id.* at Ex. J, 52; *Id.* at Ex. I, 49.

Defendant now comes to this Court asking that the Court order the EOUSA to release the requested grand jury materials under FOIA. Presently before the Court are Defendant's [56] Motion for Summary Judgment and Plaintiff's [69] Cross-Motion for Summary Judgment. But, these are not the first summary judgment cross-motions that the Court has considered in this case. In its June 11, 2018 Order, the Court denied without prejudice both parties' prior cross-motions for summary judgment. The Court concluded that Defendant had categorically denied Plaintiff's FOIA requests in their entirety, providing only a brief, conclusory explanation for doing so. Without a more detailed proffer, the Court could not be assured that all portions of all the requested documents were exempt from FOIA. Order, ECF No. 45, 1-4. As ordered by the

Court, in its Renewed Motion for Summary Judgment, Defendant has attached a *Vaughn* index listing the documents being withheld and briefly explaining why each document is exempt from disclosure. Considering this *Vaughn* index, Defendant's attached declarations, and the parties' arguments, the Court can now affirm Defendant's determination that the requested documents are exempt from disclosure under FOIA.

## II.  LEGAL STANDARD

Congress enacted FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (internal quotation marks omitted). Congress remained sensitive to the need to achieve balance between these objectives and the potential that "legitimate governmental and private interests could be harmed by release of certain types of information." *FBI v. Abramson*, 456 U.S. 615, 621 (1982). To that end, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions." *Milner v. Dep't of Navy*, 562 U.S. 562, 562 (2011). Ultimately, "disclosure, not secrecy, is the dominant objective of the Act." *Rose*, 425 U.S. at 361. For this reason, the "exemptions are explicitly made exclusive, and must be narrowly construed." *Milner*, 562 U.S. at 565 (internal quotation marks omitted).

When presented with a motion for summary judgment in this context, the district court must conduct a "de novo" review of the record, which requires the court to "ascertain whether the agency has sustained its burden of demonstrating the documents requested are ... exempt from disclosure under the FOIA." *Multi Ag Media LLC v. U.S. Dep't of Agriculture*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (internal quotation marks omitted). The burden is on the agency to justify its response to the plaintiff's request. 5 U.S.C. § 552(a)(4)(B). "An agency may sustain its burden by means of affidavits, but only if they contain reasonable specificity of detail rather than

merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Multi Ag Media*, 515 F.3d at 1227 (internal quotation marks omitted). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *Am. Civil Liberties Union v. U.S. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011) (internal quotation marks omitted). "Uncontradicted, plausible affidavits showing reasonable specificity and a logical relation to the exemption are likely to prevail." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 509 (D.C. Cir. 2011). Summary judgment is proper when the pleadings, the discovery materials on file, and any affidavits or declarations "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III. DISCUSSION

An agency must release all non-exempt documents responsive to a plaintiff's FOIA request following a search that is "reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors*, 641 F.3d at 514 (internal quotation marks omitted). Here, the Court concludes that the EOUSA conducted an adequate search for records responsive to Plaintiff's FOIA request. The Court further concludes that any responsive records were either made available to Plaintiff or were properly withheld under FOIA Exemptions 3 and 5.

First, the Court will assess the adequacy of Defendant's search. Plaintiff contends that Defendant's search was not adequate because Defendant was unable to locate the requested

voting and attendance records of the grand jurors. Pl.'s Mot., ECF No. 68, 6. Despite Plaintiff's argument, the Court finds that Defendant's search was adequate.

"The Court applies a reasonableness test to determine the adequacy of search methodology ... consistent with the congressional intent tilting in favor of disclosure." *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998) (internal quotation marks omitted). An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild*, 641 F.3d at 514 (internal quotation marks omitted). The agency may submit affidavits or declarations to explain the method and scope of its search. *See Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). And, such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted). However, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

Here, Defendant submitted a declaration from Jonathan P. Lax concerning the adequacy of the search for records responsive to Plaintiff's FOIA request. Mr. Lax is an Assistant United States Attorney in the United States Attorney's Office for the Eastern District of New York ("USAO-EDNY"). Declaration of Jonathan P. Lax, ECF. No. 56-6, ¶ 2. As Mr. Lax was involved in Plaintiff's post-conviction proceedings, Mr. Lax is familiar with Plaintiff's multiple failed attempts to seek judicial relief on the grounds of alleged grand jury impropriety. *Id.* at ¶ 3.

Following this Court's June 11, 2018 Order, it was determined that the USAO-EDNY, which had handled the criminal case against Plaintiff, maintained all original records relevant to

the matter. *Id.* at ¶ 4. As the USAO-EDNY was in possession of any and all responsive records, Mr. Lax reviewed the USAO-EDNY's file from Plaintiff's criminal proceeding. This file included the grand jury records pertaining Plaintiff's prosecution. *Id.* at ¶ 12. Specifically, Mr. Lax searched nine boxes of physical files and voluminous electronic case files, all maintained by the USAO-EDNY and relating to Plaintiff's case. Mr. Lax also reviewed the public docket entries from Plaintiff's criminal case. *Id.*

In searching these physical and electronic files, Mr. Lax found the following responsive documents: an indictment returned by a grand jury against Plaintiff on May 17, 2012 and an accompanying information sheet; calendar minutes of the May 17, 2012 grand jury presentment; a transcript of the May 17, 2012 grand jury proceeding and accompanying grand jury exhibits; multiple draft indictments; a draft information; and notes prepared by one or more former Assistant United States Attorneys. *Id.* at ¶ 13. However, Mr. Lax did not locate grand jury voting records or records of the names and attendance of grand jurors. *Id.*

Plaintiff argues that Defendant's search was inadequate because it failed to locate the grand jury voting and attendance records. Pl.'s Mot., ECF No. 68, 6. But, in considering the adequacy of a Defendant's search, the relevant issue is not whether there might exist any other documents potentially responsive to the request, "'but rather whether the government's search for responsive documents was adequate.'" *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (quoting *Perry*, 684 F.2d at 128). "The fact that a particular document was not found does not demonstrate the inadequacy of a search." *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 391 (D.C. Cir. 2007) (internal quotation marks omitted).

Here, the Mr. Lax indicates "'which files were searched,' by whom those files were searched, and ... a 'systematic approach to document location.'" *Toensing v. U.S. Dep't of*

7

*Justice*, 890 F. Supp. 2d 121, 142 (D.D.C. 2012) (quoting *Weisberg*, 627 F.2d at 371. Mr. Lax's declaration is accorded a presumption of good faith, which plaintiff can overcome only by supplying evidence of bad faith. *See Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 107 (D.D.C. 2005). Plaintiff offers only "purely speculative claims about the existence and discoverability of other documents," and he presents no evidence of bad faith. *SafeCard Servs.*, 926 F.2d at 1200 (internal quotation marks omitted). Accordingly, the Court concludes that Defendant's search was adequate. Moreover, even if this information had been found in Defendant's search, any records concerning the grand jury voting and attendance records would most likely have been exempt from disclosure. *See Hodge v. F.B.I.*, 703 F.3d 575, 580 (D.C. Cir. 2013) (explaining that information which tends to reveal the identities of grand jurors may be withheld); *see also Flores v. Exec. Office for the U.S. Attorneys Freedom of Info./Privacy Act Unit*, 121 F. Supp. 2d 14, 15 (D.D.C. 2000) (affirming the withholding of "ballots showing the grand jurors' votes on whether to return an indictment").

Because Defendant's search was adequate, the Court next considers whether or not Defendant rightfully withheld the responsive documents under the exemptions to FOIA. FOIA Exemption 3 permits an agency to withhold information "specifically exempted from disclosure by statute," if the relevant statute:

(A)

    (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or

    (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and

(B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

5 U.S.C. § 552(b)(3). Federal Rule of Criminal Procedure 6(e) is considered a "statute" for purposes of Exemption 3. *See Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 867-68 (D.C. Cir. 1981) ("Rule 6(e) is a relevant statute within the meaning of FOIA Exemption 3."). With certain exceptions, Rule 6(e) prohibits the disclosure of "matter[s] occurring before the grand jury." Fed. R. Crim. P. 6(e).

FOIA Exemption 3 in conjunction with Rule 6(e), which prohibits the disclosure of matters occurring before a grand jury, would seem to foreclose Plaintiff's request for his grand jury materials. But, the prohibition is not as all-encompassing as it at first appears. In a recent opinion, Judge Reggie B. Walton aptly summarized the law regarding the types of matters covered by Rule 6(e):

> Although Rule 6(e) prohibits disclosure of "matter[s] occurring before [a] grand jury," it should not be read in a manner that creates "a veil of secrecy . . . over all matters occurring in the world that happen to be investigated by a grand jury." *Senate of P.R. ex rel. Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)). "There is no per se rule against disclosure of any and all information which has reached the grand jury chambers . . . ." *Senate of P.R.*, 823 F.2d at 582. Rather, "the touchstone is whether disclosure would 'tend to reveal some secret aspect of the grand jury's investigation,'" such as "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors and the like." *Id.* And, there must be a "nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." *Lopez v. Dep't of Justice*, 393 F.3d 1345, 1350 (D.C. Cir. 2005) (quoting *Senate of P.R.*, 823 F.2d at 584).

*Judicial Watch, Inc. v. Nat'l Archives & Records Admin.*, 214 F. Supp. 3d 43, 53 (D.D.C. 2016), *aff'd*, 876 F.3d 346 (D.C. Cir. 2017). Importantly, it is "incumbent upon the agency . . . to make the requisite showing" that requested documents will reveal the inner workings of the

grand jury. *Senate of P.R.*, 823 F.2d at 583. The agency must supply the Court with sufficient information so that it can "intelligently make that judgment." *Id.* at 584.

According to Defendant's *Vaughn* index, Defendant's search located twenty documents responsive to Plaintiff's FOIA request, all of which Defendant claims have already been disclosed to Plaintiff or are exempt from FOIA. As an initial matter, Plaintiff argues that Defendant's *Vaughn* index is insufficiently detailed. While Defendant's *Vaughn* index is somewhat sparse, a *Vaughn* index need only "indicate[] in some descriptive way which documents the agency is withholding and which FOIA exemptions it believes apply." *Am. Civil Liberties Union v. Cent. Intelligence Agency*, 710 F.3d 422, 432 (D.C. Cir. 2013). A *Vaughn* index is sufficient if it "allow[s] a court to determine … whether the specific claimed exemptions properly appl[y]." *Gallant v. NLRB*, 26 F.3d 168, 173 (D.C. Cir. 1994) (alterations in original) (internal quotation marks omitted).

Defendant's *Vaughn* index contains the nature of the document, the number of pages of the document, the exemptions that Defendant claims apply, and a brief description of why those exemptions apply. *See generally Vaughn* index, ECF No. 56-6. Additionally, Defendant's *Vaughn* index is supplemented by Mr. Lax's declaration which further explains why the responsive documents are exempt. *See* Declaration of Jonathan P. Lax, ECF. No. 56-6, ¶¶ 13-14. Where, for some responsive documents, Defendant fails to sufficiently show that one exemption applies, Defendant cures any error by providing a sufficiently detailed explanation for why that document was properly withheld under a different exemption to FOIA. *See Infra* p. 14. Accordingly, the Court concludes that Defendant's *Vaughn* index, as a whole, is sufficient. Because Defendant's declaration and *Vaughn* index provide sufficiently detailed information for the Court to determine whether the documents were properly withheld, Plaintiff's request for in

camera review is unnecessary. *See Lam Lek Chong v. U.S. Drug Enf't Admin.*, 929 F.2d 729, 735 (D.C. Cir. 1991) (upholding district court's denial of in camera review where the "District court ruled the DEA index and accompanying affidavits sufficient").

Turning to the documents identified in Defendant's *Vaughn* index, these responsive documents can be divided into three broad categories. The first category concerns responsive documents that were previously produced or made available to Plaintiff. The second category is the transcript and exhibits from the grand jury presentation. The third category includes draft documents and notes relating to the grand jury proceeding. The Court will address each category in turn.

The first category of documents in Defendant's *Vaughn* index includes documents which are responsive to Plaintiff's FOIA request and have already been made available to Plaintiff. These documents include: the indictment returned by the grand jury; the information sheet for the indictment returned by the grand jury; the calendar minutes for the grand jury presentment; and the redacted first and last pages of the transcript for the grand jury presentation. *Vaughn* index, ECF No. 56-6, 1-2. These documents have been previously produced or made available to Plaintiff in connection with his criminal case. *Id*. Plaintiff makes no argument that these documents are being wrongfully withheld, as they have previously been provided to him.

The second category in Defendant's *Vaughn* index is a document containing the transcript of the grand jury presentation and the exhibits used therein. *Id.* at 2. Defendant withheld this document because what was said and what was presented at the grand jury proceeding is exempt from FOIA as "pertaining to [the] secrecy and scope of grand jury proceedings." *Id*. The Court finds that these documents were properly withheld under Exemption 3.

A transcript of the grand jury presentation is the archetypal document that would "tend to reveal some secret aspect of the grand jury's investigation." *Lopez v. Dep't of Justice*, 393 F.3d 1345, 1349 (D.C. Cir. 2005) (internal quotation marks omitted). By its nature, the transcript of the grand jury presentation could reveal "such matters as the identities … of witnesses or jurors, the substance of testimony, [and] the … questions of jurors." *Stolt-Nielsen Transp. Grp. Ltd. v. U.S.*, 534 F.3d 728, 732 (D.C. Cir. 2008); *see also Sanders v. U.S. Dep't of Justice*, 2011 WL 1769099, at *1 (D.C. Cir. April 21, 2011) (per curiam) (finding that the district court "correctly held that the government properly withheld the grand jury transcript under Exemption 3"). The grand jury transcript is "precisely the type of information that [Exemption 3] is designed to protect." *Boyd v. Exec. Office for U.S. Attorneys*, 87 F. Supp. 3d 58, 83 (D.D.C. 2015).

Likewise, the exhibits presented to the grand jury are exempt from FOIA under Exemption 3 because they would reveal "the strategy or direction of the investigation." *Sec. and Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980); *see also Fund for Constitutional Gov't v. Nat'l Archives and Records Servs.*, 656 F.2d 856, 869-70 (D.C. Cir. 1981) (explaining that "it is apparent" that "documents considered by the grand jury" fall within the "broad reach" of Exemption 3). Considering whether Exemption 3 applies to the grand jury exhibits, the Court notes that this case is not like *Senate of the Com. Of Puerto Rico on Behalf of Judiciary v. U.S. Department of Justice*, 823 F.2d 574 (D.C. Cir. 1987). In that case, the court determined that the "mere fact that [the plaintiff's] request 'included' grand jury exhibits is not dispositive of the [defendant's] Rule 6(e) claim." *Senate of P.R.*, 823 F.2d at 583. The court explained that, because the plaintiff had requested "all evidence" pertaining to the investigation, there was nothing to suggest that anyone "would have been able to determine *which* documents had been submitted to the grand jury." *Id.* (emphasis in original). Here, Plaintiff requested only

documents relating to his grand jury proceeding. Accordingly, it would be obvious that any material which was released had been presented to the grand jury. Knowing the content of exhibits presented to the grand jury would reveal secret aspects of the direction and scope of the investigation.[2]

Despite the applicability of Exemption 3, the Court still must make a separate finding as to whether any portion of the document withheld in its entirety could have been segregated and released. *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999). "[E]ven if the agency establishes an exemption, it must nonetheless disclose all reasonably segregable, nonexempt portions of the requested record[s]." *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1117 (D.C. Cir. 2011) (internal quotation marks omitted). According to Defendant's *Vaughn* index, any "reasonably segregable information contained in this document was previously produced or made available to" Plaintiff. *Vaughn* index, ECF No. 56-6, 2. Here, Defendant is referring to the redacted first and last pages of the grand jury transcript which were produced or made available to Plaintiff in connection with his criminal proceeding. *Id.* The Court concludes that any other non-exempt information contained in the document is non-segregable. *See Dipietro v. Exec. Office for U.S. Attorneys*, 357 F. Supp. 2d 177, 183 (D.D.C. 2004) (approving the withholding of grand jury transcripts in their entirety); *see also Church of Scientology Intern. v. U.S. Dep't of Justice*, 30 F.3d 224, 235 (1st Cir.1994) ("documents

---

[2] As grounds for withholding the document, Defendant also cites FOIA Exemptions 5, which protects attorney work product, and 7(C), which protects personal information in law enforcement records. But, because the Court concludes that the document was rightfully withheld under Exemption 3, the Court does not need to determine the applicability of other exemptions. *See Simon v. Dep't of Justice,* 980 F.2d 782, 784-85 (D.C. Cir. 1992) (Having already found the documents exempt under FOIA Exemption 7(D), "we need not address whether Exemption 7(C) of the FOIA … would independently justify the FBI in withholding the requested document.").

identified as grand jury exhibits, and … [which are] otherwise directly associated with the grand jury process, … ordinarily may be withheld simply on the basis of their status").

The *Vaughn* index states that Defendant reviewed the document and released all segregable information. *Vaughn* index, ECF No. 56-6, 2. And, Defendant submitted a declaration from Vinay J. Jolly, an attorney-advisor with the EOUSA, stating that "none of the withheld records can be segregated for release without risking disclosure of exempt and/or privileged information." Declaration of Vinay J. Jolly, ECF No. 13-1, ¶ 17. Accordingly, the Court is satisfied that no non-exempt information could be segregated from this exempt document. *See Loving v. Dep't of Defense*, 550 F.3d 32, 41 (D.C. Cir. 2008) (affirming a district court's segregability determination where the district court "relied on the very factors that we have previously deemed sufficient for this determination, i.e., the description of the document set forth in the *Vaughn* index and the agency's declaration that it released all segregable material").

Finally, the Court considers the third category of withheld documents: thirteen draft indictments, a draft grand jury information sheet, and undated notes on the indictment from an Assistant United States Attorney. Defendant asserts that these documents should be withheld under FOIA Exemption 3 as they "pertain to [the] secrecy and scope of grand jury proceedings." *Vaughn* index, ECF No. 56-6., 3-10. That could be true. But neither the *Vaughn* index nor Mr. Lax's declaration provide the Court with sufficient details regarding the connection between those documents and a "secret aspect" of the grand jury investigation. *Senate of P.R.*, 823 F.2d at 582; *see Judicial Watch, Inc. v. Nat'l Archives and Records Admin.*, 214 F. Supp. 3d 43, 53-54 (D.D.C. 2016) (relying on declarations to prove that the withheld drafts of the indictment "contain precisely the information that Rule 6(e) is intended to protect"). Instead, both the *Vaughn* index and Mr. Lax's declaration rest on conclusory statements which prevent the Court

from assessing whether or not Exemption 3 is applicable. In light of the lack of detail, the Court will not assess whether or not these documents were properly withheld under Exemption 3. Instead, the Court will look to Exemption 5, which Defendant also used to justify the withholding of these documents in its *Vaughn* index.[3] *See Borda v. U.S. Dep't of Justice, Criminal Div.*, 306 F. Supp. 3d 306, 318-320 (D.D.C. 2018) (relying on Exemption 5 to withhold draft documents relating to the grand jury because "the declaration offers few details regarding the connection of most of those records to the grand jury").

Exemption 5 to FOIA protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 contains two main privileges. As is relevant here, the attorney work-product privilege protects material that "can fairly be said to have been prepared or obtained because of the prospect of litigation." *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998) (internal quotation marks omitted). Documents may be withheld under FOIA if they are "prepared by government lawyers in connection with active investigations of potential wrongdoing," and there is "a specific claim supported by concrete facts which would likely lead to litigation in mind." *Id.* at 885, 887 (internal quotation marks omitted).

The Court concludes that Exemption 5 covers the draft indictments, the draft information, and the handwritten notes on the information as each of these documents was created during or in preparation for the criminal prosecution of Plaintiff. The draft indictments contain "analysis

---

[3] Defendant also cites Exemption 7(C), which provides protection for personal information in law enforcement records, as a reason to withhold these documents. But, because the Court concludes that the documents were rightfully withheld under Exemption 5, the Court does not need to determine the applicability of Exemption 7(C). *See Simon v. Dep't of Justice,* 980 F.2d 782, 784-85 (D.C. Cir. 1992) (Having already found the documents exempt under FOIA Exemption 7(D), "we need not address whether Exemption 7(C) of the FOIA … would independently justify the FBI in withholding the requested document.").

and evaluation of potential legal claims, theories and strategy" that the OAUSA-EDNY was considering in preparing for Plaintiff's grand jury proceeding. *Vaughn* index, ECF No. 56-6., 3-9; *see Miller v. U.S. Dep't of Justice*, 562 F. Supp. 2d 82, 114 (D.D.C. 2008) (approving the withholding of a draft grand jury indictment under Exemption 5 as the document reflected trial preparation and trial strategy). The draft information is properly withheld under Exemption 5 for similar reasons. *Vaughn* index, ECF No. 56-6., 9. And, the Assistant United States Attorney's notes on the indictment are also protected, as the handwritten notes on Plaintiff's grand jury indictment concern "the mental impressions, conclusions, [and] opinions" of a prosecutor preparing for criminal litigation. *Tax Analysts v. IRS*, 117 F.3d 607, 620 (D.C. Cir. 1997) (internal quotation marks omitted); *see also Clark v. Exec. Office of U.S. Attorneys*, 601 F. Supp. 2d 170, 172 (D.D.C. 2009) (withholding handwritten notes under Exemption 5 as they "were prepared in anticipation of litigation and consist entirely of work product").

Because these documents were properly withheld under Exemption 5, the Court does not need to conduct a segregability analysis. *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005) (explaining that "[i]f a document is fully protected as work product, then segregability is not required"). While it is possible that the draft documents and notes may contain factual or other background information not related the attorney's analysis and evaluation, "[t]he circuit's case law is clear that the work-product doctrine simply does not distinguish between factual and deliberative material." *Id.* (internal quotation marks omitted).

In addition to FOIA, Defendant also alleges that he has brought claims under the Privacy Act. 5 U.S.C. § 552a; *see* Pl.'s Mot., ECF No. 68, 12 ("I, in my lawsuit in this Court, sought to compel the production of the following … documents under FOIA and the Privacy Act."). But, Plaintiff's briefing focuses exclusively on FOIA and contains no argument as to why the Privacy

Act would entitle him to the release of the requested documents. Nevertheless, the Court will briefly address why the Privacy Act does not entitle Plaintiff to release of the requested documents.

The Privacy Act "safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records ... by allowing an individual to participate in ensuring that his records are accurate and properly used, and by imposing responsibilities on federal agencies to maintain their records accurately." *Bartel v. FAA*, 725 F.2d 1403, 1407 (D.C. Cir. 1984). Under the Privacy Act, records are exempted from disclosure when they are "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals." 5 U.S.C. § 552a(j)(2). By regulation, criminal case files maintained by the United States Attorney's Office are exempted from access under the Privacy Act. 28 C.F.R. § 16.81(a). The United States Attorney's Office for the Eastern District of New York maintains Plaintiff's criminal file, which contains his requested grand jury records. Declaration of Johnathan P. Lax, ECF No. 56-5, ¶ 4. Because criminal case files are exempted from access under the Privacy Act, Plaintiff's grand jury records, which are located in his criminal case file, are exempted from access. Neither the Privacy Act nor FOIA provide Plaintiff with a right to the disclosure of his grand jury materials.

### IV. CONCLUSION

For the reasons stated above, the Court concludes that the grand jury materials requested by Plaintiff were rightfully withheld under Exemptions 3 and 5 to FOIA. As such, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment. A separate order accompanies this Memorandum Opinion.

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge