# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER LIOUNIS,<br><br>      Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>      Defendant | Civil Action No. 17-1621(CKK) |

**Memorandum Opinion**
(August 3, 2020)

This lawsuit arises from a Freedom of Information Act ("FOIA") request that pro se Plaintiff Peter Liounis made to Defendant United States Department of Justice. Plaintiff requested documents related to the grand jury that issued an indictment against him, initiating criminal proceedings which eventually resulted in his conviction and current incarceration. Defendant denied Plaintiff's FOIA request in full, claiming that the requested documents are exempt under FOIA Exemption 3 in conjunction with Federal Rule of Criminal Procedure 6(e), on the grounds that grand jury material is exempt from mandatory release, and FOIA Exemption 5, on the grounds that the documents are attorney work product. On November 7, 2018, the Court granted summary judgment for Defendant, finding that all responsive documents had either already been released to Plaintiff or were exempt under FOIA Exemptions 3 and 5. ECF Nos. 80, 81. Plaintiff appealed the Court's Order. The United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") affirmed the Court's ruling that Defendant properly withheld documents under FOIA Exemptions 3 and 5. ECF No. 90-1. However, the D.C. Circuit vacated and remanded the Court's Order with respect to the adequacy of Defendant's search for

1

responsive documents. *Id*. Upon receiving the D.C. Circuit's mandate, the Court ordered additional briefing on the adequacy of Defendant's search.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as it currently stands, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment. The Court concludes that Defendant conducted a search which was reasonably calculated to locate all responsive records.

## I.   BACKGROUND

The Court previously recounted the background of this case in its November 7, 2018 Memorandum Opinion granting Defendant summary judgment. ECF No. 81. However, for purposes of clarity, the Court will recount that background here.

In his FOIA request, Plaintiff seeks to acquire documents related to the grand jury in the Eastern District of New York which issued an indictment resulting in a criminal trial at which Plaintiff was found guilty and later sentenced to 292-months imprisonment. Plaintiff's FOIA request is the latest in a long line of attempts to gain access to these grand jury documents. Prior to this FOIA request, during his criminal proceeding, Plaintiff submitted numerous in limine, pro se motions to dismiss the indictment due to alleged improprieties in the grand jury proceeding. Declaration of Jonathan P. Lax, 56-5, ¶ 7. Following his conviction, Plaintiff continued his attempts to gain access to his grand jury materials, arguing in more pro se motions that his

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Supp. Brief Re Agency's Search, ECF No. 92 ("Def.'s Supp.");
- Pl.'s Cross-Mot. for Summary Judgment Re Agency's Search, ECF No. 94 ("Pl.'s Mot.");
- Def.'s Reply and Cross Opp'n to Summary Judgment, ECF No. 98 ("Def.'s Opp'n"); and
- Pl.'s Reply in Support of Summary Judgment and Reply in Opp'n to Def.'s Reply and Cross Opp'n to Summary Judgment, ECF No. 100 ("Pl.'s Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

indictment had been invalid due to impropriety in the grand jury. *Id.* ¶ 8. In addition to initiating this FOIA request, Plaintiff has continued his attempts to gain access to his grand jury materials through his criminal proceeding by filing a petition seeking a writ of habeas corpus and moving for discovery with respect to the indictment and grand jury proceedings. *Id.* at ¶ 10. In both his criminal proceeding and in his FOIA request, Plaintiff seeks these documents based on his belief that the records will show that government misconduct infected the grand jury proceeding, invalidating his indictment and his subsequent criminal conviction. First Am. Compl., ECF No. 30-1, 17.

      Defendant first received Plaintiff's FOIA request seeking his grand jury materials from "CR-12-350" on January 19, 2017. Declaration of Vinay J. Jolly, ECF No. 13-1, Ex. A, 7-8. By letter dated February 23, 2017, Defendant denied Plaintiff's request for impermissibly seeking grand jury materials. *Id.* at Ex. B. On that same day, Defendant received a second, duplicate FOIA request from Plaintiff seeking the same grand jury materials from "CR-12-350." *Id.* at Ex. C. And again, by letter dated March 7, 2017, Defendant denied Plaintiff's second, duplicate FOIA request for impermissibly seeking grand jury materials. *Id.* at Ex. D. On March 21, 2017, Plaintiff filed an administrative appeal for both denials. *Id.* at Ex. E; *Id.* at Ex. F. On appeal, the denial of Plaintiff's FOIA requests was affirmed as Plaintiff's requests impermissibly sought records which "may reveal some secret aspect of the grand jury's investigation." *Id.* at Ex. J, 52; *Id.* at Ex. I, 49.

      Following the denial of his appeal, Plaintiff brought suit in this Court on August 9, 2017. ECF No. 1. Following the first round of summary judgment briefing, on June 11, 2018, the Court denied without prejudice both parties' cross-motions for summary judgment. The Court concluded that Defendant had categorically denied Plaintiff's FOIA requests in their entirety,

providing only a brief, conclusory explanation for doing so. Without a more detailed proffer, the Court could not be assured that an adequate search was conducted and that all portions of the requested documents were exempt from FOIA. Order, ECF No. 45, 1-4. The Court ordered that Defendant file a *Vaughn* index listing the documents being withheld and briefly explaining why each document is exempt from disclosure. *Id*.

The parties subsequently completed another round of summary judgment briefing. Considering the *Vaughn* index, Defendant's attached declarations, and the parties' arguments, on November 7, 2018, the Court affirmed Defendant's determination that the requested documents are exempt from disclosure under FOIA and granted Defendant summary judgment. ECF Nos. 80, 81.

Plaintiff appealed the Court's grant of summary judgment. On appeal, the D.C. Circuit affirmed the Court's ruling on the withholdings under FOIA Exemptions 3 and 5. ECF No. 90-1. However, the D.C. Circuit vacated and remanded the issue of the sufficiency of Defendant's search for records responsive to Plaintiff's request. Specifically, the D.C. Circuit explained that "[a]lthough the government stated that it searched electronic and physical files, it did not specify the types of searches performed or the search terms used. Additionally, the government did not explain whether all files likely to contain responsive materials were searched." *Id*.

In response to the D.C. Circuit's judgment, the Court ordered that Defendant file "a reasonably detailed affidavit upon which the Court may judge the reasonableness of Defendant's search. The affidavit should explain the types of searches performed, the search terms used, and whether all files likely to contain responsive materials were searched." ECF No. 89. The Court also provided Plaintiff the opportunity to respond to Defendant's additional information.

4

## II.  LEGAL STANDARD

As the D.C. Circuit upheld the Court's ruling on Defendant's withholdings, the only issue before the Court is the adequacy of Defendant's search.

An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was "reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal quotation marks omitted). "At summary judgment, a court may rely on [a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (internal quotation marks omitted). "The agency cannot limit its search to only one or more places if there are additional sources that are likely to turn up the information requested." *Valencia-Lucena,* 180 F.3d at 326 (internal quotation marks omitted). Ultimately, the adequacy of a search is "determined not by the fruits of the search, but by the appropriateness of [its] methods." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citation omitted); see also *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) ("[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.").

In order to meet its burden to show that it conducted an adequate search, an agency affidavit should explain "the search terms and the type of search performed, and aver[ments] that all files likely to contain responsive materials (if such records exist) were searched." *Aguiar v. DEA*, 865 F.3d 730, 738 (D.C. Cir. 2017) (internal quotation marks omitted). "[I]f a review of the record raises substantial doubt, particularly in view of well-defined requests and positive

indications of overlooked materials, then we must deny summary judgment." *Id*. (internal quotation marks omitted).

### III. DISCUSSION

The Court finds that Defendant conducted a reasonable search for records responsive to Plaintiff's FOIA request. Defendant has described in detail the searches of both the physical and electronic records. And, Defendant has explained that there is no reason to believe that responsive records would be found in other locations which were not searched.

In support of the adequacy of its search, Defendant submitted a supplemental declaration from Jonathan Lax, the individual who conducted the search for records responsive to Plaintiff's FOIA request. Supp. Declaration of Jonathan P. Lax, ECF No. 92-1. Jonathan Lax is an Assistant United States Attorney in the United States Attorney's Office for the Eastern District of New York ("USAO-EDNY"). *Id*. at ¶ 2. Based on his official duties, Mr. Lax is familiar with the procedures followed by USAO-EDNY in grand jury proceedings and in record keeping. *Id*. at ¶ 3. Additionally, while Mr. Lax was not involved in the grand jury proceedings or prosecution of Plaintiff, Mr. Lax was personally involved in his related post-conviction proceedings. *Id*. As such, Mr. Lax has familiarity with the records implicated by Plaintiff's FOIA request.

The Court will begin with an overview of Mr. Lax's search for responsive documents. First, Mr. Lax reviewed the public docket entries maintained by the United States District Court for the Eastern District of New York "to better inform [his] search." *Id*. at ¶ 5. Mr. Lax then spent 3 days reviewing the physical and electronic case files. *Id*.

As to the physical files, Mr. Lax searched 9 boxes related to Plaintiff's case, case file number 2009R02161. *Id*. at ¶ 6. Mr. Lax personally examined the folders for responsive records. *Id*. According to Mr. Lax, the 9 boxes represent the "complete physical file in USAO-EDNY's

possession associated with the investigation and prosecution of the Liounis case." *Id*. Mr. Lax had previously received the boxes in January 2016 from the lead attorney who was directly involved in the investigation and prosecution of the case. He received the boxes when he was assigned to handle Plaintiff's post-conviction proceedings "with the understanding and belief that the contents of these 9 boxes constituted the entire physical case file in USAO-EDNY's possession." *Id*. When he searched the boxes for responsive records in 2018, the boxes were in substantially the same condition as when he had received them, except for the files that he had personally added relating to the post-conviction proceedings. *Id*. Based on his familiarity with the case and with USAO-EDNY's practices, Mr. Lax asserts "that there are no other locations where physical case files for the Liounis case would have been kept or maintained." *Id*.

Mr. Lax also searched voluminous electronic records contained in the USAO-EDNY's electronic case file "2009R02161_ROCKFORD." *Id*. at ¶ 7. The file was named "Rockford" because it was the name of "the first of the three successive fraudulent investment schemes" relating to Plaintiff's criminal case. *Id*. (internal quotation marks omitted). Within the electronic case file were 65,000 electronic files organized in 50 folders and subfolders. *Id*. Mr. Lax personally examined the folders for responsive information. Based on Plaintiff's request, Mr. Lax focused on the folders labeled "Grand Jury" and "Indictments." *Id*. "Except for the folders labeled 'Arrest Warrants' and 'Subpoenas,' neither of which contained any potentially responsive documents to Plaintiff's FOIA request, none of the other folders had labels relating to the grand jury or indictment phase of the Liounis case." *Id*.

Based on his familiarity with the case records and with the USAO-EDNY's practices, Mr. Lax asserts that the electronic case file he searched "constituted the complete electronic case file in USAO-EDNY's possession associated with the investigation and prosecution of the

Liounis case." *Id*. As with the physical case file, Mr. Lax received the electronic case file in January 2016 when he was assigned to handle the post-conviction proceedings in Plaintiff's case. *Id*. He was given the electronic case file with the "understanding and belief that the contents of the electronic case file constituted the entire electronic case file in USAO-EDNY's possession." *Id*. When he searched the electronic case file for purposes of this case in 2018, the file appeared to be in substantially the same condition as when he had received it in 2016 with the addition of his files relating to post-conviction matters. *Id*. Mr. Lax asserted that there are no other locations where electronic records responsive to Plaintiff's request would have been kept. *Id*.

At the time of filing this supplemental declaration, Mr. Lax could not remember if he used search terms, in addition to his manual search, to review the electronic case file. *Id*. at ¶ 8. However, on March 13, 2020, Mr. Lax conducted a supplemental search-term based search of the electronic case file, including all subfolders. *Id*. Mr. Lax used the following search terms: grand, grand jury, jury, juror, indict, indictment, vote, voting, attend, and attendance. *Id*. As a result of the search, Mr. Lax "did not locate or identify any folders, sub-folders or files that are, or would have been, potentially responsive to Plaintiff's FOIA request that had not been previously located and identified in July 2018." *Id*.

Based on Mr. Lax's declaration, the Court finds that Defendant conducted a reasonable search in response to Plaintiff's request. Mr. Lax personally searched the entire physical case file. He also personally searched the electronic case file and subsequently conducted a search of that case file with targeted search terms. Mr. Lax attests that "there is no other location in the USAO-EDNY where other records which might be responsive to this request are likely to be located; and I am not aware of any other method or means by which a further search could be conducted, which would likely locate additional responsive records." *Id*. at ¶ 9.

Plaintiff challenges the sufficiency of the search as described by Mr. Lax on several grounds. However, none of those grounds are persuasive to the Court. Plaintiff's filings are lengthy and somewhat repetitive. The Court will address Plaintiff's primary arguments in support of the insufficiency of the search.

First, the Court begins by noting that Plaintiff spends a significant portion of his briefing asking the Court to dismiss his underlying criminal case for violations of his speedy trial rights and for alleged errors in his grand jury indictment. The Court will not address these arguments. In this case, Plaintiff has brought a FOIA action, and the only issue on remand to the Court is the sufficiency of Defendant's search. Issues relating to the merits of Plaintiff's underlying criminal case are beyond the scope of this lawsuit.

Plaintiff also argues that "all files in the USAO-EDNY possession or not in the USAO-EDNY possession likely to contain materials responsive to Plaintiff's FOIA/Privacy Act request have not been searched." Pl.'s Reply, ECF No. 100, 5. Plaintiff states multiple theories in support of this argument. Plaintiff explains that Defendant failed to conduct "database searches" or to search other offices such as the "Grand Jury coordinator for the EDNY" and the "United States District Court for the EDNY." *Id*.; Pl.'s Mot., ECF No. 94, 20.  Plaintiff also seems to argue that Defendant failed to search "for responsive records related to Liounis cases CR-12-00350 and 12-CR-00350 and all cases located in the caseview database." Pl.'s Reply, ECF No. 100, 22. Plaintiff further contends that rather than searching his criminal case files, Defendant actually conducted the search with "civil physical case files associated with [a] Southern District of New York ("SDNY")" case. Pl.'s Mot., ECF No. 94, 3. Plaintiff makes the same allegation with relation to the electronic case file. *Id*. at 5.

9

Plaintiff's theories are either speculative or incorrect. Defendant confirms that the physical and electronic case files associated with Plaintiff's criminal case (12-cr-350) were the files which Mr. Lax searched. Sec. Supp. Declaration of Jonathan P. Lax, ECF No. 98-1, ¶ 6a. According to Mr. Lax, "[t]hese files and the search thereof included files associated with Plaintiff Peter Liounis, the Liounis case and the Rockford Funding Group Scheme, the General Motors IPR Investment Scheme and the Grayson Hewitt Scheme, which were the three successive fraudulent investment schemes through which [Liounis and his co-conspirators] obtained over $15 million from at least 265 investors based on false promises about investment opportunities." *Id*. (internal quotation marks omitted). Mr. Lax confirms, that the Liounis case referenced is criminal case 12 CR 350. *Id*. at fn. 1. Mr. Lax also explains that the searched files were criminal files, not civil files. "Files associated with USAO-EDNY case file number 2009R02161, including both physical and electronic files, pertain to the investigation and prosecution of Plaintiff in connection with the Liounis case." *Id*. at ¶ 7, 8. Finally, Plaintiff's assertion that a further database search, or a search of other offices, would have recovered additional records is purely speculative. Mr. Lax repeatedly asserted that for both physical and electronic files "there are no other locations where … files for the Liounis case would have been kept or maintained." ECF No. 92-1, ¶ 6, 7. Agency declarations, such as that of Mr. Lax, are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted).[2]

---

[2] Plaintiff also faults Defendant for not searching files related to 11-CR-110 and 11-CR-301. Pl.'s Mot., ECF No. 94, 4. These cases involve other Defendants, and Plaintiff's FOIA request asked only for all grand jury documents related to "Indictment CR-12-350, and only Peter Liounis." ECF No. 13-1, Ex. A, Ex. C. Additionally, Plaintiff provides no reason to think that these files,

Next, Plaintiff faults Defendant for using inadequate search terms when conducting a search of the electronic case file. Plaintiff criticizes Defendant for failing to utilize the following search terms: grand jury indictment found, grand jury indictment returned, grand jury indictment, grand juror voting logs, grand jury voting logs, grand juror attendance roles, grand jury attendance roles, ballots showing the grand jurors votes on whether to return indictment, order reflecting grand jury commencement date, order reflecting grand jury termination date, extension order for grand jury, grand juror instructions, grand jury instructions, and master transcript of grand jury proceedings. Pl.'s Mot., ECF No. 94, 16.

Plaintiff fails to recognize that all of his suggested search terms are encompassed within the search terms used by Defendant. All of the search terms suggested by Plaintiff contain the terms "grand juror" or "grand jury." As was previously explained, Defendant conducted a search using the terms "grand jury" and "juror." ECF No. 92-1, ¶ 8. As such, Plaintiff's search terms are encompassed within Defendant's more general search terms. Moreover, Plaintiff merely speculates that the use of his suggested search terms would have resulted in additional responsive material. Conversely, Mr. Lax has asserted that the use of Plaintiff's suggested search terms was unlikely to result in the recovery of any additional responsive records. ECF No. 98-1, ¶ 6d. And, Mr. Lax did not rely on search terms alone when searching the electronic case file. In addition to using search terms, Mr. Lax also personally examined the folders and files for potentially responsive records. *Id.*

Plaintiff also faults Defendant for the failure to have Vinay Jolly conduct a search and provide a supplemental declaration. Mr. Jolly is an attorney-advisor with the Executive Office

---

relating to separate criminal matters initiated by separate charging documents, would contain records responsive to his request. ECF No. 98-1, ¶ 6c.

for the United States Attorneys, United States Department of Justice. Mr. Jolly submitted an agency declaration in support of Defendant's initial motion for summary judgment which was denied. ECF No. 13-1, ¶ 1. Plaintiff appears to argue that the lack of a supplemental declaration from Mr. Jolly means that the United States Attorney's Office's criminal case files were not searched. Pl.'s Reply, ECF No. 100, 17.

Plaintiff's focus on the lack of a declaration from Mr. Jolly is without merit. Mr. Jolly had no connection to Plaintiff's criminal case or the related records. Instead, in his declaration Mr. Jolly stated that "the U.S. Attorney's Office from the Eastern District of New York handled the criminal case against Mr. Liounis" and that office maintained the records related to the criminal case. ECF No. 13-1, ¶ 12. As the responsive records were maintained by the USAO-EDNY, it did not appear that Mr. Jolly ever searched the records. Following the submission of Mr. Jolly's declaration, the Court denied Defendant's motion for summary judgment for failing to provide evidence that Defendant had searched for and processed records responsive to Plaintiff's request. ECF No. 45.

In its renewed motion for summary judgment, Defendant submitted a declaration from Mr. Lax who worked in the USAO-EDNY and had specifically handled Plaintiff's case and the related records. Mr. Lax conducted all subsequent searches. As such, it is reasonable that Defendant did not submit an additional declaration from Mr. Jolly and instead submitted declarations from Mr. Lax, who had access to the records and conducted the searches.

Finally, Plaintiff contends that Defendant cannot confirm that the files have not been lost or stolen. Pl.'s Reply, ECF No. 100, 16. Plaintiff provides no evidence for this speculative theory. And, Mr. Lax asserted that the physical and electronic files that he searched "appeared to be in substantially the same condition" as when he had received them in January 2016. ECF No.

92-1, ¶ 6, 7. Moreover, if any records were lost or stolen, Defendant would not be responsible for their production. "'If the agency is no longer in possession of' files, it need not 'take further action in order to produce' them." *Shapiro v. U.S. Dep't of Justice*, 944 F.3d 940, 943 (D.C. Cir. 2019) (quoting *SafeCard*, 926 F.2d at 1201).

Lacking any valid argument from Plaintiff discrediting Defendant's agency declaration, the Court finds that Defendant conducted a reasonable search for records responsive to Plaintiff's FOIA request. Defendant specifically explained the type of searches performed, the search terms used, and that all files likely to contain responsive materials were searched.

### IV. CONCLUSION

For the reasons stated above, the Court concludes that Defendant conducted an adequate search for records responsive to Plaintiff's FOIA request. As such, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment. A separate order accompanies this Memorandum Opinion.

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge